# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 10-882V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
VALERIA WATSON,                              *
                                             *     Filed:  July 25, 2016
                    Petitioner,              *
                                             *     Attorney's Fees and Costs;
         v.                                  *     Motion for Relief from Judgment;
                                             *     RCFC 60(b); Check Payable
SECRETARY OF HEALTH AND                      *     Directly to Counsel; Vaccine
HUMAN SERVICES                               *     Act Section 15(e)
                                             *
                    Respondent.              *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Irving Gertel*, Kagan & Gertel, Brooklyn, NY, for Petitioner.

*Glenn MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING RELIEF FROM JUDGMENT[1]

On December 27, 2010, Valeria Watson filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that she suffered from Guillain-Barré syndrome ("GBS") and/or Chronic Inflammatory Demyelinating

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Polyneuropathy ("CIDP") and related complications as a result of receiving a trivalent influenza ("flu") vaccine. After many years of settlement discussions, the parties were able to settle the matter, filing a stipulation on May 6, 2015 (ECF No. 74), detailing an amount to be awarded to Petitioner, which served as the basis for my decision awarding damages dated the same day (ECF No. 75).

Petitioner subsequently filed a motion for attorney's fees and costs on November 10, 2015 (ECF No. 78), and Respondent filed a response to this motion on December 11, 2015 (ECF No. 79). Thereafter, on March 7, 2016, I issued a decision awarding Petitioner attorney's fees and costs in the amount of $26,169.80. ECF No. 81. The decision stated that the award should be made in the form of a check payable jointly to Petitioner and her counsel, Irving Gertel, Esq. *Id.*

After entry of the Fees Judgment on April 15, 2016 (ECF No. 83), Mr. Gertel contacted my chambers and informed me that he was having difficulty cashing the fees and costs award check because Petitioner refused to endorse it. In particular (as Counsel's Motion to Amend, dated June 7, 2016 (ECF No. 84)("Motion to Amend"), makes clear), counsel's efforts to contact Ms. Watson were unavailing, despite repeated phone calls and even visits to her home. Motion to Amend at 1-2. Counsel has accordingly requested that the Judgment be amended to provide for reissuance of the check payable directly to him.

Respondent opposed Mr. Gertel's motion of June 24, 2016. ECF No. 85 ("Opp."). She argues that the motion is improperly styled as one to amend, when in fact it actually seeks relief under RCFC 60(b). Opp. at 3. She further asserts that it is inappropriate to vacate or alter a Vaccine Program attorney's fees judgment simply because a petitioner refuses to endorse the check, citing a prior decision, *Ortiz-Mutilitis v. Sec'y of Health & Human Servs.*, No. 03-059V, 2012 WL 3902472 (Fed. Cl. Spec. Mstr. Aug. 14, 2012) in support. Opp. at 3. She acknowledges, however, that other special masters have not always followed *Ortiz-Mutilitis* in cases where counsel has difficulty obtaining a petitioner's cooperation on this kind of matter, and/or where even contacting the petitioner in the first place proves difficult. *Id.* at 4 n.7 (citing *Turner v. Sec'y of Health & Human Servs.*, No. 02-1437V, 2014 WL 1493119, at *2 (Fed. Cl. Spec. Mstr. Mar. 26, 2014) (counsel requested check payable directly to him after case was dismissed); *Gitesatani v. Sec'y of Health & Human Servs.*, No. 09–799V, 2012 WL 5025006 (Fed. Cl. Spec. Mstr. Sept. 30, 2011) (allowing fees in form of check directly payable to counsel where petitioner had left United States entirely).

Mr. Gertel filed a reply on June 30, 2016. ECF No. 86 ("Reply"). In it, he reiterated his previously-cited grounds for the relief sought in the original motion, urging me to act with equity in mind and asserting that he otherwise has no remedy to compel Ms. Watson's performance (since he believes she is likely judgment-proof, in part because her compensation award cannot be invaded to satisfy his unpaid fees). Reply at 2-3. He did not, however, address Rule 60(b), nor did

he even cite any case law substantiating his arguments. The matter is now ripe for resolution.

## Analysis

Under Vaccine Rule 36, Appendix B, RCFC, a Vaccine Program petitioner may seek relief from judgment pursuant to RCFC 60. Rule 60(b) delineates five specific grounds for altering a judgment, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b)(6). Controlling case law, however, requires petitioners moving under RCFC 60(b) to establish "extraordinary circumstances."[3] *Ortiz-Mutilitis*, 2012 WL 3902472, at *2 (citing *Ackerman v. United States,* 340 U.S. 193, 198 (1950)). I deem the Rule 60(b) requirement that relief may only be obtained by motion as satisfied in this case, despite the fact that the Motion to Amend does not specifically cite the rule. RCFC 60(b).[4]

There is conflicting precedent as to whether an attorney's inability to obtain a petitioner's co-signature on a fees award check is proper basis for relief from the underlying judgment. In *Ortiz-Mutilitis*, former Chief Special Master Vowell denied a request (made pursuant to RCFC 60) to reissue a fees check as payable solely to counsel. *Ortiz-Mutilitis*, 2012 WL 3902472, at *4. There, as here, counsel claimed he was unable to communicate with his client and have him endorse the fees check. But the former Chief Special Master held that counsel had remedies available to him to obtain performance of that act, and therefore circumstances were not sufficiently "extraordinary" under Rule 60(b). Unlike the present circumstances, however, in *Ortiz-Mutilitis* counsel sought relief from the judgment over a year after the date the first fees check was issued, suggesting that delay in requesting reissuance of the check may have played a role in the former Chief Special Master's decision.

In a more recent decision, by contrast, *Goodridge v. Sec'y of Health & Human Servs.*, No. 02-320V, 2014 WL 3973905 (Fed. Cl. Spec. Mstr. May 20, 2014), Special Master Hastings granted a request for an attorney's fees check payable directly to counsel. In so doing, Special Master Hastings emphasized the policy grounds that support such relief, despite language in the Vaccine Act suggesting that fees are a component of a petitioner's overall award (and therefore should always be payable to the petitioner). *Goodridge*, 2014 WL 3973905, at *5 ("[t]here is no indication that Congress intended to exclude payments to counsel whose former clients are unable or

---

[3] The Court of Federal Claims has granted relief under RCFC 60(b)(6) only where, without such relief, substantial rights of a party would be violated. *See Freeman v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 280, 281 (1996) (finding the alleged circumstances "warrant the reopening of the case in the interest of justice"); *Coleman v. Sec'y of Health & Human Servs.*, No. 06-0710, 2011 WL 6828475, *4 (Fed. Cl. Spec. Mstr. Dec. 07, 2011) (finding relief from judgment proper under Rule 60(b)(6) to prevent "harm to substantial rights of petitioner that would result if the requested relief were not granted.").

[4] I do note, however, that my chambers instructed Mr. Gertel of the need to file a motion pursuant to RCFC 60(b), so it is not entirely clear why the direction was not followed.

unwilling to support payment of fees for their former attorneys"). *Goodridge* does not, however, address whether a Vaccine Act judgment should be *revised* to make fees directly payable to an attorney, if that attorney has demonstrated difficulties obtaining his client's cooperation.

Here, I find that Petitioner has established sufficiently "extraordinary" circumstances for revising the Fees Judgment under Rule 60(b)(6). Ms. Watson is entitled to an award of attorney's fees and costs in this case, and with a judgment having been entered, there is no reason to delay that award further. While *Ortiz-Mutilitis* is well-reasoned, its holding is more appropriately followed where the request for relief from the judgment is made so long after the fees check has issued that it is evident counsel has been dilatory in making the request. *See* RCFC60(c)(1) (motion seeking relief from judgment must be made "within a reasonable time" of original judgment). Here, however, counsel informed me of the difficulties he was having within a month of receiving the check, and therefore acted diligently in requesting relief from the judgment. I note as well that even *Ortiz-Mutilitis* recognizes there are "narrow circumstances" where a fees award should be directly payable to counsel – and that counsel are the "real party in interest" when such matters arise. *Ortiz-Mutilitis*, 2012 WL 3902472, at *4 n.9.

Vaccine Program judgments should not be subject to amendment as a matter of course simply because an attorney has difficulties obtaining his client's cooperation in endorsing a fees award check. Given the facts of this case,[5] counsel could have anticipated the client communication problems that led him to file the present motion, and then (like the attorneys in *Goodridge* or *Gitesatani*) requested that payment be directly to him *before* issuance of the fees decision and entry of judgment. Moreover, as stated in *Ortiz-Mutilitis* (and contrary to Mr. Gertel's arguments), attorneys do possess state-law remedies to enforce their rights to fees against clients. Nevertheless, under present circumstances – a case that is eight years old – it is in the interests of justice to afford counsel the relief sought in order to close the books on this matter.

---

[5] The parties more than once reported that delays in the progress of the case were due to difficulties Mr. Gertel had in locating Ms. Watson in order to communicate with her. *See, e.g.*, Joint Status Report, dated May 2, 2014 (ECF No. 63) at 1-2.

## CONCLUSION

In light of the foregoing, (1) the clerk of the Court is hereby instructed to vacate the earlier issued judgment and enter a new judgment in accordance with the new decision on fees, and (2) Petitioner is awarded attorney's fees and costs in this action in the amount of $26,169.80 in the form of a check made payable solely to Petitioner's counsel, Irving Gertel, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with these terms.[6]

IT IS SO ORDERED.

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.